## MILLER *v.* JURCZYK.

1. CONTRACT—EVIDENCE—PROBABILITIES.
     Upon an issue as to whether defendant's promise to pay plaintiff for any lumber furnished to defendant's son was confined to lumber for a house defendant was about to build, evidence that the title to the lots upon which were erected the other buildings for which material was furnished was not in defendant, but in the son and a third party, is admissible.

2. APPEAL—HARMLESS ERROR.
     The exclusion of cumulative testimony upon an undisputed point is not prejudicial.

3. TRIAL—IMPEACHMENT OF WITNESS.
     Where the proper foundation is laid for impeaching testimony, and the testimony is confined to contradicting the witness sought to be impeached on a point covered by his testimony, the form of the question, if not leading, is not prejudicial.

Error to Wayne; Frazer, J.    Submitted April 10, 1896. Decided June 30, 1896.

*Assumpsit* by William A. C. Miller against Joseph Jurczyk for lumber sold and delivered.    From a judgment for plaintiff, defendant brings error.    Affirmed.

*George Cox* and *Henry Orhns*, for appellant.

*Fred H. Warren*, for appellee.

MONTGOMERY, J.    Plaintiff is a dealer in lumber, and sued defendant to recover a sum of $1,000 or thereabouts, claimed to be a balance due for lumber furnished him during the year 1893.    The testimony on the part of the plaintiff tended to show that the defendant came to the plaintiff's place of business in the spring of 1893, accompanied by his son Bernard; that the plaintiff then made a price to defendant for the material to be used in building a house, and that defendant then said to the plaintiff that he intended to build a number of houses during the season, and that his son was going to look after the business for him, and that whatever his son ordered might be charged to him.    Plaintiff's foreman, in answer to the question, "Can you tell how much lumber went into Joseph Jurczyk's house?" answered: "He built several houses.    I don't know which one you have reference to. They are all supposed to be his houses."    Defendant denied this contract as claimed, and testified that he simply contracted for the material in one house, which he was building.    The circuit judge charged the jury, at the request of the defendant:

"If you find that Joseph and Bernard first went to plaintiff's office in regard to the lumber, and that Joseph only talked about material for his own house, and had in mind and made reference to material for no other building than his own when he told plaintiff to let Bernard have anything he called for, defendant would be liable only for the material furnished by plaintiff to Bernard for defendant's said building."

The plaintiff recovered judgment, and defendant brings error.    The assignments of error are numerous.    Those relating to the remarks of the court, we think, are not well founded, and the others may be treated under two heads: *First.* Was there prejudicial error in excluding proof as to the title of the lots other than the one upon

which the first house was constructed? And, *second,* was error committed in receiving impeaching testimony?

1. Defendant offered to show that the title to the lots other than the first was not in defendant, but in Bernard and another. This was excluded. We think this testimony was admissible as corroborative of the theory of defendant, but we are also of the opinion that the exclusion of the testimony was not prejudicial to the defendant. The testimony of defendant and his son was admitted to show that defendant built but one house during the season, and that Bernard (his son) built a house for one Ignatius Beginofski, and one for Slerkovski, and that defendant was not the owner or contractor of that lot; that he built a house on Hancock avenue, and that defendant was not the contractor. The subject appears to have been covered by this testimony. This testimony was substantially undisputed, and, furthermore, the charge above quoted assumes the fact to be that the defendant was only interested in one house. The jury could not, therefore, have been misled as to the interest of defendant in the several houses. As the case went to the jury, the question upon which defendant's liability turned was whether defendant had engaged to pay for the material furnished to Bernard.

2. The objection as to the introduction of impeaching testimony is directed to the form of the question simply. The proper foundation was laid, and the testimony adduced was confined to contradicting the witness sought to be impeached upon a point covered by his testimony; and, as this is so, the form of the question, so long as it was not objectionable as leading, could not have prejudiced defendant.

Judgment affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.